# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BALDOMERO P. VILLA et al.,

      Plaintiffs,

    vs.

FIRST GUARANTY FINANCIAL CORP. et al.,

      Defendants.

Case No.: 2:09-cv-02161-GMN-RJJ

**ORDER**

Plaintiffs Baldomero and Ederlinda Villa have sued Defendants on multiple causes of action related to the foreclosure of their mortgage. Pending before the Court are Defendant First Guaranty Financial Corp.'s ("First Guaranty") Motion to Dismiss (ECF No. 4) and Recontrust Co.'s and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (ECF No. 8). For the reasons given herein, the Court grants First Guaranty's motion in part as to the causes of action remanded from Multidistrict Litigation ("MDL") Case No. 2119, denies it in part as moot as to the causes of action retained by Judge Teilborg in MDL Case No. 2119, and grants Plaintiffs leave to amend for the sole purpose of adding a cause of action under Chapter 598D. The Court denies Recontrust's and MERS' motion without prejudice, because those Defendants have not received relief from the automatic stay under 11 U.S.C. § 362 in Plaintiff's bankruptcy action.

**I.  FACTS AND PROCEDURAL HISTORY**

On or about December 5, 2006, Plaintiffs purchased real property located at 1978 Alcova Ridge Dr., Las Vegas, NV 89135, APN: 164-02-217-007 (the "Property"), making an adjustable-

rate promissory note (the "Note") for $975,000 to First Guaranty. (*See* Mot. Dismiss Ex. B, at 1, Nov. 16, 2009, ECF No. 4).[1] The Note is fairly complex. Plaintiffs were to pay 1% interest until February 1, 2007, upon which date the interest rate would begin to adjust monthly to a total of 3.5% plus the "Current Index," defined as the most recent twelve-month average of the annual yields on actively traded U.S. Treasury Securities, adjusted to a constant maturity of one year as published by the Federal Reserve Board. (*See id.* Ex. B, at ¶¶ 2, 4). The interest rate was never to exceed 9.95%. (*See id.* Ex. B, at ¶ 4(D)). Monthly payments were to begin on February 1, 2007 at $3135.99 but would change on the 1st of February each year thereafter. (*See id.* Ex. B, at ¶¶ 3, 5). The monthly payment could never increase more than 7.5% from year-to-year. (*See id.* Ex. B, ¶ 5(B)). Because the interest rate adjusted monthly, but the monthly payments adjusted only annually, the principal debt could increase whenever the interest rate increased enough that the current monthly payments did not cover the monthly interest. (*See id.* Ex. B, at ¶ 5(C)). If the principal debt ever surpassed 115% of the amount originally borrowed, the monthly payment would be immediately adjusted to an amount sufficient to repay the unpaid principal by the maturity date, (*see id.* Ex. B, at ¶ 5(D)), potentially resulting in a sudden, dramatic increase in monthly payments. Plaintiffs refer to this as "payment shock." (*See* Compl. ¶ 58, ECF No. 1 Ex. A). Plaintiffs were permitted to make additional monthly payments to avoid negative amortization, without any prepayment penalty, unless prepayments made during the first twelve months of the loan exceeded 20% of the original principal loan amount. (*See* Mot. Dismiss Ex. B, at ¶ 6, Nov. 16, 2009, ECF No. 4; *id.* Ex. B add.). Plaintiffs argue that the Note was designed to practically ensure foreclosure from failure to repay.

---

[1] The Court takes judicial notice of the public records adduced by Defendants. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

The deed of trust securing the Note lists Plaintiffs as borrowers, First Guaranty as both lender and trustee, and MERS as "nominee" and "beneficiary." (*See* Mot. Dismiss Ex. A, at 1–2, Dec 10, 2009, ECF No. 8).[2]  Plaintiffs defaulted on the Note. (*See* Compl. ¶ 10).  First Guaranty alleges that it sold its interest in the loan to an unidentified party shortly after Plaintiffs made the Note. (Mot. Dismiss 3:15–17, Nov. 16, 2009, ECF No. 4).  No party has attached any public records or other evidence indicating any foreclosure proceedings, such as a notice of default and election to sell, although Plaintiffs allege that a "non-judicial foreclosure is set for [an] unknown date." (*See* Compl. ¶ 12).  An online search of the records of the Clark County Recorder's Office indicates that the following transactions have been recorded concerning the Property: (1) on December 11, 2006, Plaintiff Ederlinda Villa granted the property to herself and Plaintiff Baldomero Villa;[3] (2) on December 11, 2006, the deed of trust from Plaintiffs to First Guaranty was recorded; (3) on April 24, 2008, MERS substituted Recontrust as trustee; (4) on July 29, 2008, Recontrust recorded a notice of trustee's sale; (5) on August 1, 2008, Red Rock Country Club recorded a lien against the Property; (6) on October 21, 2008, Republic Services recorded a lien against the Property; (7) on July 1, 2009, Republic Services recorded another lien against the Property; (8) on October 2, 2009, First Guarantee recorded a lis pendens; and (9) on April 4, 2010, Recontrust filed a notice of default.  The public records indicate Mr. Baldomero's default on several million dollars worth of real estate in Clark County.

Plaintiff sued Defendants in the Clark County District Court on October 1, 2009 on eight causes of action: (1) Wrongful Foreclosure; (2) Fraud; (3) Fraudulent Concealment; (4) Usury

---

[2] Regardless of this language, MERS is not in fact a beneficiary, but a nominee of the lender-beneficiary, i.e., a limited agent for the purpose of administering the deed of trust, for example to substitute trustees.  First Guaranty is the beneficiary because it owns the debt.

[3] The deed of trust dated December 5, 2006 indicates that Plaintiffs were joint tenants.

and Fraud; (5) Unconscionability; (6) Unjust Enrichment and Civil Conspiracy; and (8) [sic] Quiet Title. Defendants removed the case to this Court.

On November 17, 2009, Plaintiffs filed a Suggestion of Bankruptcy. (*See* Sugg. Bankr., ECF No. 5). Plaintiffs' bankruptcy case is No. 09-19361-mkn. The present case was therefore automatically stayed, but relief from the automatic stay was granted to First Guaranty as to the present case on April 8, 2010. (*See* Order, Apr. 8, 2010, ECF No. 85 in Bankr. Case No. 09-19361).

There is also a multi-district litigation case, MDL No. 2119, pending in the District of Arizona before the Hon. James A. Teilborg. Pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") has transferred related cases from other districts for consolidated pretrial hearings where plaintiffs have brought causes of action based on "the formation and/or operation of the MERS system." The present case is one of these consolidated cases. However, the JPML has separated and remanded "[a]ll claims in these actions that are unrelated to the formation and/or operation of the MERS system." The JPML has given no further guidance. On May 17, 2010, Judge Teilborg issued an order delineating which causes of action in twenty-one of the cases (including the present case) have been remanded to the respective district courts. (*See* MDL Order, May 17, 2010, ECF No. 17). In the present case, Judge Teilborg has identified the following causes of action as having been remanded, and the Court may therefore safely rule with respect to them without any danger of inconsistent rulings: (1) Fraudulent Concealment; (2) Usury and Fraud; (3) Unconscionability; and (4) Unjust Enrichment. (*See id.* 4:10–13, 6:17–20).

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp.*

*Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. ANALYSIS

### A. Fraudulent Concealment

Fraudulent concealment occurs when a seller of real or personal property purposely conceals information about the item being purchased that would be material to the purchaser's decision to purchase the property.

> To establish a prima facie case of fraudulent concealment, a plaintiff must offer proof that satisfies five elements: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; that is, the defendant concealed or suppressed the fact for the purpose of inducing the plaintiff to act differently than she would have if she had known the fact; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; (5) and, as a result of the concealment or suppression of the fact, the plaintiff sustained damages.

*Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled in part on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001).

Plaintiffs argue that the lender failed during the lending process to inform Plaintiffs that they would not qualify for the loan "based solely on their stated income, their credit rating, and the ratio of their assets and liabilities." (Compl. ¶ 37). Even assuming this cause of action can apply to the execution of a loan itself—the Nevada Reports do not appear to include any cases

indicating that it can—Plaintiffs do not allege that any Defendant concealed the terms of the loan.  The terms of the loan are clear in the Note; although somewhat complex, they are not concealed.  The present cause of action is essentially the "suitability" cause of action this Court has seen many times, repackaged as "fraudulent concealment."  The appropriate cause of action to plead for alleged predatory lending is section 598D.100 of the Nevada Revised Statutes.  The Court will therefore dismiss the cause of action for fraudulent concealment but permit Plaintiffs to amend the Complaint to include a cause of action under Chapter 598D.

### B.   Usury and Fraud

This is essentially a cause of action for usury.  Intentional misrepresentation (common law fraud) is separately pled, and that cause of action has not been remanded.  Plaintiffs allege that Defendants purposely designed the Note in such a complex manner so as to be able to charge more interest than legally permitted.  Plaintiffs also allege that the securitization of the Note was part of the fraud and/or usury, but the subsequent negotiation and/or securitization of the Note is not alleged to have affected the terms of the Note.  In any case, issues involving any alleged scheme to defraud Plaintiffs through securitization and negotiation of the note through the MERS system have not been remanded, but remain with Judge Teilborg.

The Nevada usury statute has been amended several times.  In 1913, the Legislature set the legal rate of interest at 12% per annum. 1913 Nev. Stat. 31.  In 1979, the legal rate was raised to 18%. 1979 Nev. Stat. 964.  However, Nevada abolished the concept of usury in 1981, permitting contracting parties to agree to any rate of interest. *See* 1981 Nev. Stat. 1593.  The statute has been amended several times since, but no limit on the agreed percentage of annual interest has been imposed since 1981.  In 2006, when the Note in the present case was signed, the statute read:

/ / /

> Parties may agree for the payment of any rate of interest on money due or to become due on any contract, for the compounding of interest if they choose, and for any other charges or fees. The parties shall specify in writing the rate upon which they agree, that interest is to be compounded if so agreed, and any other charges or fees to which they have agreed.

Nev. Rev. Stat. § 99.050 (2006). In 2007, the usury statute was amended to add the following introductory clause, "Except as otherwise provided in section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007, Public Law 109-364, or any regulation adopted pursuant thereto, . . . ." 2007 Nev. Stat. 944. Section 670 of Public Law 109-364 limits interest rates on consumer credit extended to members of the armed forces and their families to 36% per annum. *See* Pub. L. 109-364, § 670 (codified at 10 U.S.C. § 987(b)).

In summary, there is no longer any usury law in Nevada. This cause of action is therefore implausible, and in this case the annual interest rate on the Note was capped at 9.95%, which would not constitute usury even under the 1913 statute. The Court dismisses this cause of action.

### C. Unconscionability

Unconscionability is not a cause of action, but a defense to a breach of contract claim. Plaintiffs' claim will therefore be read as a claim for declaratory judgment that the Note is unconscionable, and hence unenforceable. A contract may be held to be unenforceable if it is both procedurally and substantively unconscionable. *See Burch v. Second Judicial Dist. Court of State ex rel. County of Washoe*, 49 P.3d 647, 650 (Nev. 2002).

Plaintiffs allege that the Note was procedurally unconscionable because it was an adhesive contract, Defendants were in a superior bargaining position, the loan officer rushed the signing process without adequately explaining to the relatively unsophisticated Plaintiffs the possibility of negative amortization, and Plaintiffs could not reasonably ascertain the terms of the Note until after they had signed it. (*See* Compl. ¶ 54). The public records, however, of which the

Court may take judicial notice, indicate that Plaintiff and his wife were in fact sophisticated real estate investors. In the last decade, Baldomero Villa has purchased upwards of twenty properties (in Clark County, Nevada alone) worth a total of several million dollars. Plaintiffs' claim of procedural unconscionability is therefore implausible. Plaintiffs also allege the Note was substantively unconscionable because of the likelihood of negative amortization and the unaffordable prepayment penalties that would take effect upon any refinancing of the loan. But without procedural unconscionability, the Note is enforceable even assuming it was substantively unconscionable. The Court dismisses this cause of action.

### D. Unjust Enrichment

In Nevada, the elements of an unjust enrichment claim or "quasi contract" are: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances where it would be inequitable to retain the benefit without payment. *See Leasepartners Corp., Inc. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (quoting *Unionamerica v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981) (quoting *Dass v. Epplen*, 424 P.2d 779, 780 (Colo. 1967))). An indirect benefit will support an unjust enrichment claim. *Topaz Mut. Co., Inc. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992) (recognizing an actionable unjust enrichment claim where there was an indirect benefit conferred upon the defendant). Unjust enrichment is an equitable substitute for a contract, and an action for unjust enrichment therefore cannot lie where there is an express written agreement. *See Marsh*, 839 P.2d at 613 (citing *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824 (Nev. 1977); 66 Am. Jur. 2d *Restitution* §§ 6, 11 (1973)). Here, it is not disputed that Plaintiffs and Defendants entered into an express, written Agreement—the Note—which is the basis of the claims in this case. It may or may not be true that Plaintiffs overpaid Defendants according to the terms of the Note, but Plaintiffs cannot base an unjust enrichment claim on such

events where an express agreement exists according to which a dispute can be adjudicated. The Court dismisses this cause of action.[4]

**CONCLUSION**

IT IS HEREBY ORDERED that First Guaranty's Motion to Dismiss (ECF No. 4) is GRANTED in part as to the causes of action for fraudulent concealment, usury, unconscionability, and unjust enrichment. The motion is denied as to the remaining causes of action, which remain with Judge Teilborg in MDL Case No. 2119.

IT IS FURTHER ORDERED that Recontrust's and MERS' Motion to Dismiss (ECF No. 8) is DENIED without prejudice, as the automatic stay has not been lifted as against these Defendants.

IT IS FURTHER ORDERED that leave to amend is GRANTED to Plaintiffs for the sole purpose of adding a cause of action under Chapter 598D.

DATED: This 23rd day of July, 2010.

_____
Gloria M. Navarro
United States District Judge

---

[4] Even if the Court were to characterize this as a breach of contract claim, the allegations in the Complaint are probably not sufficient. Insofar as the allegations under this cause of action pertain to the remanded claim of unjust enrichment, as opposed to the claim of conspiracy retained by Judge Teilborg, Plaintiffs allege Defendant was unjustly enriched by "charging a higher interest rate, fees, rebates, kickbacks, profits . . . ." (*See* Compl. ¶ 65). "Higher" than what? The Note precisely delineates the parameters of how and when the interest rate and monthly payments may be adjusted. Plaintiffs have not alleged that Defendants extracted payments above what the Note requires. This cause of action is somewhat confusing, because it accuses Defendants of wrongful action against Plaintiffs not only for the interest rate and fees charged, but also for "rebates, kickbacks, [and] profits." It is odd that Plaintiffs would complain of rebates, and irrelevant that they would complain of kickbacks or profits. Kickbacks might indicate some kind of tax violation by Defendants, but Plaintiffs cannot prosecute such a crime and Defendants' profit in and of itself is not wrongful.